# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

HARRIET WHITENER BOATRIGHT,

    Plaintiff,

vs.

GLYNN COUNTY SCHOOL DISTRICT,

    Defendant.

CV 213-154

**ORDER**

Presently before the Court is Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Dkt. No. 5. Upon due consideration, Defendant's Motion for Summary Judgment is **GRANTED**.

**I. Background**

    A. <u>First Federal Case</u>

On June 27, 2006, Plaintiff Harriet Boatright filed her first complaint in this Court, styled <u>Boatright v. Glynn County School District and Michael Bull</u> (CV 206-157). Dkt. Nos. 5-2 ¶ 1; 7, at 1. On August 17, 2006, Plaintiff amended the complaint. Dkt. Nos. 5-2 ¶ 2; 7, at 1. The suit was brought pursuant to 42 U.S.C. § 1983 and contended that the failure to

1

afford Plaintiff procedural rights in connection with a decision to terminate her employment violated the Due Process Clause of the Fourteenth Amendment. Dkt. Nos. 5-2 ¶ 3; 7, at 1. The defendants moved to dismiss the complaint on the basis that Georgia law and its courts provide adequate remedies for alleged due process violations and therefore Plaintiff had failed to state a claim for the violation of the Fourteenth Amendment. Dkt. Nos. 5-2 ¶ 4; 7, at 1. On December 20, 2006, this Court granted the defendants' motion to dismiss and detailed the numerous remedies afforded to Plaintiff under Georgia law. Dkt. Nos. 5-2 ¶ 5; 7, at 1. Judgment was entered for the defendants on the same day. Dkt. Nos. 5-2 ¶ 6; 7, at 1.

B. State Court Case

On January 31, 2007, Plaintiff filed a complaint in the Glynn County Superior Court, styled Boatright v. Glynn County School District and Michael Bull. Dkt. Nos. 5-2 ¶ 7; 7, at 1. The state-court complaint alleged identical facts as those in the federal lawsuit, contended that Plaintiff's Fourteenth Amendment right to procedural due process of law was violated, and sought mandamus relief for reinstatement to her position and a due process hearing, as well as injunctive relief and damages. Dkt. Nos. 5-2 ¶ 8; 7, at 1. On March 28, 2007, the School District offered to hold a due process hearing, which was held on June 19, 2007. Dkt. Nos. 5-2 ¶ 9; 7, at 1. Plaintiff

2

received prior notice of the hearing, the grounds for termination, the witnesses to be called by the School District's superintendent, and the right to subpoena and cross-examine witnesses. Dkt. Nos. 5-2 ¶ 10; 7, at 1. The due process hearing resulted in reinstatement of Plaintiff to her position and payment of back pay, including contributions to retirement and reimbursement for health insurance costs—although Plaintiff contends that the amounts of the checks that the School District provided for lost income and medical expenses were incorrectly calculated. Dkt. Nos. 5-2 ¶ 11; 7, at 1.

Following the due process hearing, Plaintiff amended the state-court complaint by dropping the demand for mandamus and injunctive relief, but adding various allegations about the conduct of the hearing and requesting removal of various documents from her personnel file. Dkt. Nos. 5-2 ¶ 12; 7, at 1. In the amended state-court complaint, Plaintiff continued to argue that she was deprived of her Fourteenth Amendment right to due process of law and was entitled to compensatory and punitive damages as a result of that violation, although Plaintiff believes that the complaint also sufficiently alleged a deprivation of due process as guaranteed by Article 1, § 1, ¶ 1 of the Constitution of the State of Georgia. Dkt. Nos. 5-2 ¶ 13; 7, at 1.

The defendants moved to dismiss the amended state-court complaint on the grounds that (1) the federal due process claim was barred by res judicata and (2) because state law provided numerous adequate state law remedies, Plaintiff had failed to state a Fourteenth Amendment due process claim for which she was entitled to any relief. Dkt. Nos. 5-2 ¶ 14; 7, at 2. On June 10, 2011, the Superior Court granted the defendants' motion to dismiss. Dkt. Nos. 5-2 ¶ 15; 7, at 2. Plaintiff appealed the dismissal, but on March 22, 2012, the Georgia Court of Appeals affirmed the Superior Court's decision in all respects. Dkt. Nos. 5-2 ¶ 16 (citing <u>Boatright v. Glynn Cnty. Sch. Dist.</u>, 315 Ga. App. 468 (2012)); 7, at 2. On April 11, 2012, the Georgia Court of Appeals denied Plaintiff's request for reconsideration of its ruling, and on October 29, 2012, the Supreme Court of Georgia denied Plaintiff's petition for certiorari. Dkt. Nos. 5-2 ¶ 17; 7, at 2.

C. <u>Second Federal Case</u>

On October 25, 2013, Plaintiff initiated the present suit in federal court. Dkt. No. 1. Like the state-court complaint, the second federal complaint alleges that Plaintiff was falsely accused of mistreating a student and terminated without due process, in violation of the Fourteenth Amendment. <u>Id.</u> ¶¶ 12-13. It also summarizes the state-court proceedings and concludes that "[b]ecause of the long denial of due process, the

4

plaintiff was subjected to severe emotional pain and suffering, loss of income, loss of some future retirement income, and medical expenses." Id. ¶¶ 14-19. On November 15, 2013, Defendant Glynn County School District filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Dkt. No. 5.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material

5

fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

### III. Discussion

Defendant's basis for dismissal is that "Plaintiff's Complaint is barred by the doctrine of res judicata." Dkt. No. 5, at 1. The Court agrees.

When considering whether to give res judicata effect to a state-court judgment, federal courts apply the "res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1252 (11th Cir. 2009) (citation omitted); see also David Vincent, Inc. v. Broward Cnty., 200 F.3d 1325, 1331 (11th Cir. 2000). Under Georgia law, "[t]here are three prerequisites to the application of res judicata: (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a previous adjudication on the merits by a court of competent jurisdiction." Smith v. Lockridge, 288 Ga. 180, 185(4) (2010); see also O.C.G.A. § 9-12-40.

AO 72A
(Rev. 8/82)

Res judicata clearly applies. First, despite Plaintiff's suggestion that the Court should ignore the expressly stated basis of her due process claim in her state-court case, see Dkt. No. 7, at 5, the identity of the causes of action for the state and federal cases is the same. Compare Dkt. No. 5-4, Ex. H, at 80 (citing the Fourteenth Amendment of the United States Constitution) with Dkt No. 1 ¶¶ 1, 13 (same). Indeed, they are based on the exact same facts. Second, the parties are identical, except that Plaintiff has dropped Michael Bull as a defendant from her second federal action. Compare Dkt. No. 5-4 with Dkt. No. 1. Finally, there was a previous adjudication on the merits by a court of competent jurisdiction. Dkt. Nos. 5-2 ¶¶ 15-17; 7, at 2; Boatright v. Glynn Cnty. Sch. Dist., 315 Ga. App. 468 (2012). All elements are met.

Plaintiff's attempt to distinguish the state case as a prerequisite to exhausting her claim, in order to bring it again in federal court, is without merit. See McKinney v. Pate, 20 F.3d 1550, 1564 n.20 (11th Cir. 1994) ("[E]xhaustion is irrelevant to our decision [concerning an alleged procedural due process violation] and finds no mention in the opinion."); Gorman v. Roberts, 909 F. Supp. 1479, 1487 (M.D. Ala. 1995) (dismissing a due process claim under the Fourteenth Amendment where the plaintiff had a full and fair opportunity to litigate the claim before an administrate body and state courts).

7

Likewise, her conclusory assertion that the state courts' holdings were "grossly inconsistent" with Supreme Court precedent is without merit. Cleveland Bd. of Educ. V. Loudermill, 470 U.S. 532, 547 (1985); Fed. Deposit Ins. Corp. v. Mallen, 486 U.S. 230, 242 (1988). The Court notes that Plaintiff is apparently seeking federal review by a district court of a state-court judgment, a power clearly barred by the Rooker-Feldman doctrine. See Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 482 (1983) (finding that federal district courts lack subject matter jurisdiction to "review final judgments of a state court in judicial proceedings"); Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010) (noting that that the doctrine prevents "lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced'"). Therefore, Plaintiff's claims are barred by res judicata, and Defendant's Motion for Summary Judgment is **GRANTED**.[1]

---

[1] The Court declines to order Plaintiff's counsel to show cause under Rule 11 of the Federal Rules of Civil Procedure. Dkt. No. 10, at 2.

AO 72A
(Rev. 8/82)

## IV. Conclusion

For the aforementioned reasons, Defendant's Motion for Summary Judgment is **GRANTED**, and its Motion to Dismiss is **MOOT**. Dkt. No. 5. The Clerk of Court shall close the case.

**SO ORDERED**, this 12TH day of June, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)